UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANITA PERKINS

VERSUS

OLLIE'S BARGAIN OUTLET, INC.

CIVIL ACTION

NO. 20-771-SDJ

## RULING AND ORDER

Before the Court is a Motion for Summary Judgement (R. Doc. 13) filed by Defendant Ollie's Bargain Outlet, Inc., seeking dismissal of all claims against it brought by Plaintiff Anita Perkins. The Motion is opposed (R. Doc. 14), and Ollie's filed a Reply (R. Doc. 17).

**I.    BACKGROUND**

This action arises out of injuries allegedly sustained by Plaintiff while she was shopping at an Ollie's store. On November 17, 2019, Plaintiff and her mother, Iris Keith, were shopping at Ollie's store number 328, located in Denham Springs, Louisiana.[1] Plaintiff was walking down an aisle in the store, looking at candles, when her foot got caught in a plastic strap that was hanging from a box.[2] Plaintiff fell to the floor.[3]

Shane Choate was the Store Team Leader at Ollie's store number 328 in Denham Springs at the time of the incident.[4] Choate was physically present in the store at the time of Plaintiff's fall but only became aware of the incident when he saw EMS walk through the front door of the store.[5]

---

[1] R. Doc. 13-3 at 2; R. Doc. 14 at 2; R. Doc. 13-1 at 3-4 (24:24-25:1).
[2] *Id.*; R. Doc. 14 at 2; R. Doc. 13-1 at 3 (24:6-23), 6 (35:3-10).
[3] *Id.*; R. Doc. 13-1 at 3 (24:6-23).
[4] *Id.*; R. Doc. 14 at 2; R. Doc. 13-2 at 2 (10:5-11:8).
[5] *Id.* at 2-3; R. Doc. 14 at 2; R. Doc. 13-2 at 4 (15:15-19).

1

He observed Plaintiff being loaded onto a gurney.[6]  No other employees of Ollie's were present at the scene of the incident when Choate arrived.[7]

Choate spoke to Plaintiff's mother, who advised that Plaintiff had caught her foot in a strap and had fallen.[8]  After Plaintiff was transported from the store, Choate identified the strap at issue.[9]  The strap was around a box housing a safe.[10]  Choate cut the strap off the box and discarded the strap.[11]  The safe and the box it was housed in had been delivered to Ollie's approximately 10-14 days prior to Plaintiff's incident.[12]  Choate did not personally stock the safes onto the sales floor.[13]

## II. LEGAL STANDARD

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted sub nom.*, 2021 WL 400537 (M.D. La. Feb. 4, 2021)

---

[6] *Id.* at 3; R. Doc. 14 at 2; R. Doc. 13-2 at 5 ((16:5-11).
[7] *Id.*; R. Doc. 13-2 at 6 (17:2-7).
[8] *Id.*; R. Doc. 13-2 at 7 (19: 1-16).
[9] *Id.*; R. Doc. 14 at 2; R. Doc. 13-2 at 8 (20:11-13), 9 (24:11-16).
[10] *Id.*; R. Doc. 14 at 2; R. Doc. 13-2 at 8 (14-20).
[11] *Id.*; R. Doc. 14 at 2; R. Doc. 13-2 at 11 (35:11-25).
[12] *Id.* at 4; R. Doc. 14 at 2; R. Doc. 13-2 at 14 (58:9-23).
[13] *Id.*; R. Doc. 14 at 2; R. Doc. 13-2 at 17 (76:1-12).

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075.

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *See e*.g., *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

### III. DISCUSSION

In her Complaint, Plaintiff brings claims against Ollie's for negligence, alleging Ollie's was responsible for causing the injuries she sustained as a result of her fall.[14] As there is no dispute that Ollie's is a merchant, it is subject to the provisions of La. R.S. 9:2800.6, the Louisiana Merchant Liability Statute. As mandated by that law, merchants—like Ollie's—"owe a duty …

---

[14] R. Doc. 1 at 2-3 ¶¶ 7-8.

to exercise reasonable care to keep their aisles, passageways, and floors in a reasonably safe condition, which includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017) (quoting La. R.S. 9:2800.6(A)) (internal quotations and modifications omitted). However, "[m]erchants are not insurers of their patrons' safety, and a customer is under a duty to use ordinary care to avoid injury." *Wyrick v. Golden Nugget Lake Charles, LLC*, 2020-0665 (La. App. 1 Cir. 12/30/20), 317 So.3d 708, 713 (citing *Cusimano v. Wal-Mart Stores, Inc.*, 04-0248, p. 7 (La. App. 1 Cir. 2/11/05), 906 So.2d 484, 488). As such, "[a] merchant is not absolutely liable every time an accident happens." *Id.* (citing *Leonard v. Wal-Mart Stores, Inc.*, 97-2154, p. 4 (La. App. 1 Cir. 11/6/98), 721 So.2d 1059, 1061).

When someone sues a merchant for damages resulting from an injury or loss sustained because of a fall due to a condition existing in or on the premises, a claimant has the burden of proving, in addition to all other elements of her cause of action, the following elements:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

*Id.* (citing La. R.S. 9:2800.6(B)); *Mills v. Cyntreniks Plaza, L.L.C.*, 2014-1115 (La. App. 1 Cir. 8/19/15), 182 So.3d 80, 83-84, *writ denied*, 2015-1714 (La. 11/6/15), 180 So.3d 308. "Under this heavy burden of proof, if any one of these elements cannot be established, the claimant's entire action will fail." *Mills*, 182 So.3d at 84 (citing *Gregory v. Brookshire Grocery Company,* 45,070 (La.App. 2 Cir. 4/21/10), 35 So.3d 458, 461; *Dickerson v. Winn–Dixie, Inc.,* 01–0807 (La.App. 1 Cir. 2/27/02), 816 So.2d 315, 318, *writ denied,* 02–0951 (La. 5/31/02), 817 So.2d 99)).

In its Motion for Summary Judgment, Ollie's argues that it is entitled to judgment as a matter of law based on Plaintiff's inability to prove that Ollie's either created or had actual or constructive notice of the alleged dangerous condition.[15] In the alternative, Ollie's argues it is entitled to summary judgment because the condition was "open and obvious," meaning Ollie's did not have a duty to protect against it.[16]

### 1.     Whether There is Evidence That Ollie's Created the Condition

"Neither actual nor constructive notice to the merchant is required if the merchant created the injury-causing condition." *Wyrick*, 317 So.3d at 714 (citing *Davis v. Cheema, Inc.*, 14-1316, p. 17 (La. App. 4 Cir. 5/22/15), 171 So.3d 984, 993). Here, Ollie's argues that "[t]here is no evidence from any source that Ollie's created the alleged dangerous condition."[17] In support, Ollie's points to testimony by Choate that the plastic straps were placed on the box prior to it being shipped to Ollie's and that he himself unloaded the box from the truck.[18] Choate further testified that employees of Ollie's are taught *not* to move merchandise by using straps like these.[19] The box at issue here was delivered to Ollie's 10-14 days prior to Plaintiff's incident.[20] As argued by Ollie's, "during that time there would have been no reason for an Ollie's employee to *pull* the straps in such a manner that it would come loose from the packaging."[21] Finally, Plaintiff admits that she "did not and does not know the identity of the individual who caused the strap to protrude into the aisle at Ollie's store."[22]

---

[15] R. Doc. 13-3 at 7-9.
[16] *Id.* at 9-10.
[17] *Id.* at 7.
[18] *Id.* at 7; R. Doc. 13-2 at 7 (19:17-21), 15 (66:3-21), 16 (69:9-12).
[19] *Id.*; R. Doc. 13-2 at 18-19 (81:22-82:11).
[20] *Id.*; R. Doc. 13-2 at 14 (58:21-23).
[21] *Id.*
[22] R. Doc. 14-1 at 1.

5

In response to Ollie's contentions, Plaintiff argues that a genuine issue of material fact exists regarding whether Ollie's created the allegedly dangerous condition.[23] In support, Plaintiff points to testimony by Choate that he has seen employees use similar straps to pick up products and move them during his 30 years in retail, though Plaintiff fails to include Choate's further testimony that he has never seen it occur at Ollie's.[24] Plaintiff then cites Choate's testimony that he has not "seen circumstances where customers would attempt to move the product and the strap would come loose and lie down into the aisle/walkway."[25] Finally, Plaintiff cites Choate's testimony that the Floor Supervisor was responsible for stocking the safes on the sales floor.[26] Per Plaintiff, this testimony creates a genuine issue of material fact as to whether Ollie's created the allegedly dangerous condition.

The Court disagrees. The burden of proof here is on Plaintiff to prove each element of § 9:2800.6. None of the testimony cited by Plaintiff indicates in any way that Ollie's created the specific condition at issue here. The Court, therefore, finds that Plaintiff has failed to establish this element of her cause of action. S*ee Duncan*, 863 F.3d at 410 (finding summary judgment proper on merchant-liability claim where there was no "positive evidence" that defendant created or had actual or constructive notice of the condition that caused the damage); *Brown v. PNK (Lake Charles) LLC*, No. 20-1347, 2022 WL 553747, at *2 (W.D. La. Feb. 23, 2022) ("To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages.").

---

[23] R. Doc. 14 at 6. The Court notes that Plaintiff also claims that the evidence presented by Ollie's to support its argument "is misleading and relies solely on the deposition testimony of STL (Store Team Leader) Shane Choate." *Id.* However, Plaintiff provides no further explanation of or reasoning behind this assertion. Moreover, Plaintiff then proceeds to cite solely to the testimony of Choate to support her argument and, in fact, cites to no other evidence that is not the testimony of Choate. As such, the Court finds this argument unsubstantiated and meritless.
[24] *Id.*; R. Doc. 14-3 at 13 (82:12-18).
[25] *Id.*; R. Doc. 14-3 at 6 (23:17-21).
[26] *Id.*; R. Doc. 14-3 at 10-11 (71:6-72:12). The Court notes that no testimony of any Floor Supervisor was provided by Plaintiff.

## 2. Whether There is Evidence That Ollie's Had Actual or Constructive Notice of the Condition

Because Plaintiff cannot show that Ollie's created the allegedly dangerous condition, the Court turns now to whether Ollie's had actual or constructive notice of said condition. "To prove that a merchant had 'constructive notice' of a condition before the injury-causing occurrence, the plaintiff must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Duncan*, 863 F.3d at 409 (quoting La. R.S. 9:2800.6(C)(1)) (internal quotations and modifications omitted). "In other words, the plaintiff 'must come forward with *positive evidence* showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.'" *Id.* (quoting *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1082 (La. 1997)). While there is "no bright line time period," a claimant who shows only that the condition existed "without also showing 'that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.'" *Id.* at 409-10 (quoting *White*, 699 So.2d at 1084); *see Derouselle v. Wal-Mart Louisiana, L.L.C.*, 701 F.App'x 349, 350 (5th Cir. 2017) ("The Louisiana Supreme Court has held that a claimant relying on the constructive notice element of § 9:2800.6(B)(2) 'must come forward with *positive evidence* showing that the damage-causing condition existed for *some period of time*, and that such time was sufficient to place the merchant defendant on notice of its existence.'").

Here, Ollie's argues that not only is there no evidence that Ollie's had actual or constructive notice of the condition, *i.e.*, the plastic strap in the aisle, but also that "there is ample evidence which shows that [] Ollie's *did not* have actual or constructive notice of the alleged dangerous condition prior to the accident."[27] With regard to actual notice, Choate testified that before

---

[27] R Doc. 13-3 at 8.

7

Plaintiff's accident, no one reported to Choate or any other Ollie's employee that there was a strap hanging off the box of a safe in that aisle.[28] In addition, Choate testified that he first learned of the issue with the strap after the incident had already occurred.[29] According to Choate, he was physically present in the aisle at issue here prior to Plaintiff's accident and did not see a strap loose in the aisle.[30]

With regard to constructive notice, Plaintiff testified in her deposition that she did not see the strap before she tripped and fell.[31] In addition, Choate testified that he was in the aisle in which the incident occurred just prior to said incident, and the strap was not loose at that time.[32] Choate further testified that he had walked by the aisle multiple times during the day on which the incident occurred and the strap was not loose any of those times.[33] Per Ollie's, based on this evidence, Plaintiff cannot prove that the allegedly dangerous condition existed for any period of time.

In her Opposition, Plaintiff does not dispute either of these arguments or refute the evidence cited. Rather, she argues only that "Plaintiff need not prove that the damage-causing condition existed for some time period before the fall if the facts show that the Defendant created the unreasonably dangerous condition."[34] Plaintiff continues that "[t]aken all together the undisputed facts raise the reasonable inference that in fact, no customer could have created the hazardous condition, but one of Defendant's employees created the hazardous condition."[35] It is true that if Plaintiff showed that Ollie's created the allegedly dangerous condition, Plaintiff would not need to prove that the damage-causing condition existed for some time period before the fall. However,

---

[28] *Id.* at 8; R. Doc. 13-2 at 20, 21 (114:2-7; 115:16-19).
[29] *Id.*; R. Doc. 13-2 at 20 (114:8-11).
[30] *Id.*; R. Doc. 13-2 at 22-23 (116:7-117:7).
[31] R. Doc. 13-1 at 6 (35:14-15).
[32] R. Doc. 13-3 at 8; R. Doc. 13-2 at 22-23 (116:7-117:7).
[33] *Id.*; R. Doc. 13-2 at 22-23 (116:7-117:7).
[34] R. Doc. 14 at 6.
[35] *Id.*

8

as explained above, the Court finds Plaintiff has presented no positive evidence establishing that Ollie's created the condition. As such, to avoid summary judgment, Plaintiff must present evidence indicating either that Ollie's knew of the condition or that the condition existed for "some time" before the incident. Plaintiff has not. In fact, Plaintiff has not even attempted to argue and/or prove same. In the absence of any positive evidence demonstrating that the strap was in the aisle for some period of time or that Ollie's knew of the strap in the aisle, Plaintiff has failed to show that Ollie's had either actual or constructive notice of the strap. As such, Plaintiff has failed to prove one element of the Louisiana Merchant Liability Statute, which is fatal to her claim, *Mills*, 182 S.3d at 84, and summary judgment is proper here. *See Derouselle*, 701 F.App'x at 351 (affirming summary judgment where plaintiff, who carried the burden of proof, provided no evidence that defendant caused the dangerous condition or had actual or constructive notice of same).

### 3. Whether the Condition Was "Open and Obvious"

Finally, Ollie's argues, "[i]n the alternative," that if Plaintiff is able to prove Ollie's created or had actual or constructive notice of the alleged dangerous condition, "the alleged dangerous condition was 'open and obvious' and therefore did not present an unreasonable risk of harm to [Plaintiff]."[36] However, as the Court has found that Plaintiff has not put forth sufficient evidence to prove Ollie's created or had actual or constructive notice of the alleged condition, it need not reach this alternative argument here.

## IV. CONCLUSION

Accordingly,

---

[36] R. Doc. 13-3 at 9.

**IT IS ORDERED** that the Motion for Summary Judgment filed by Defendant Ollie's Bargain Outlet, Inc., (R. Doc. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted by Plaintiff Anita Perkins against Defendant Ollie's Bargain Outlet, Inc., are hereby **DISMISSED**.

Signed in Baton Rouge, Louisiana, on August 26, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**